190    COURT OF ERRORS AND APPEALS.

Nat. Spun Silk Co. v. Peer. Silk Mills Corp.    *97 N. J. L.*

## NATIONAL SPUN SILK COMPANY, RESPONDENT, v. PEERLESS SILK MILLS CORPORATION, APPELLANT.

### Argued November 25, 1921—Decided March 6, 1922.

1. Plaintiff brought an action, founded on two claims, one for the price of silk delivered and the other for damage for refusal to accept delivery of other silk. One of the defences urged at the trial was an accord and satisfaction between the parties by reason of a check given by the defendant to the plaintiff for a sum of money, which check contained two statements, one that "endorsement of this check by payee constitutes receipt in full for the following account," following which was a statement of eight invoices, amounting to the sum for which the check was given; and the other in another part of the check was "in full payment of all accounts claims to date." *Held,* that the fact that the amount of the check was the same as the amount of the invoices is persuasive that the check was meant to cover only the invoices, and that leaving it to the jury to decide whether there was an accord and satisfaction was too favorable to the defendant and it cannot complain of such action of the trial court.

2. Quotations of the selling price of a commodity printed in a trade journal is admissible upon proof of the reliability and use of such publication in the trade, but its admissibility is a preliminary question for the court to decide.

3. A letter by the buyer advising seller not to ship any more of the goods under the contract, was evidence of an anticipatory breach of the contract.

4. It is competent to prove the significance of certain initials used in the trade, but a witness cannot be asked what was said as to these initials, as that would seem to add oral terms to a written contract.

On appeal from the Supreme Court, whose opinion is reported in 96 *N. J. L.* 49.

For the appellant, *William E. Decker* and *Merritt Lane.*

For the respondent, *Horton & Tilt* and *Charles G. Keutgen* (of the New York bar).

The opinion of the court was delivered by

Swayze, J. This action is brought for breach of a contract of sale of spun silk. Two claims were made on behalf of the

NOVEMBER TERM, 1921. 191

97 N. J. L.    Nat. Spun Silk Co. v. Peer. Silk Mills Corp.

plaintiff; one for the price of silk delivered to defendants and the other for damages for refusal to accept the delivery of other silk.

The jury found for the plaintiff, and as to the breach of the contract the verdict is dispositive. The substantial legal objection is that there was an accord and satisfaction between the parties and this, it is urged, was conclusively proved by the terms of a check for $14,291.06. The case is peculiar. The check contains two statements, one of which reads "endorsement of this check by payee constitutes receipt in full for the following account." Then follows a statement of eight invoices, amounting in all to $14,291.06. In another portion of the check it is stated to be "in full payment of all accounts claims to date." If the itemized statement of the invoices is to be considered as controlling, no doubt the check shows on its face that it was meant to cover these invoices only, especially when the maker of the check adds "endorsement of this check by payee constitutes receipt in full" for the following account. The parties, of course, had the right to determine the effect of the endorsement and restrict it if they chose. If, however, we discard that part of the check and look only at that part stating that it is "in full payment of all accounts claims to date," there is room to contend that this covers not only the goods actually delivered by the plaintiff but also the damages for the breach of contract in failing to accept delivery. The fact that the amount of the check is exactly the same as the amount of the invoices is persuasive evidence that the check was meant to cover only the invoices.

The trial judge did not take that view but left it to the jury to decide from all the circumstances in the case whether there was an accord and satisfaction. This was too favorable, if anything, to the defendant, and the jury found that there was no accord and satisfaction. We find no error in this respect.

Apparently, counsel for the defendant had no confidence in this alleged error, for he assigned fifty other errors which serve no purpose except to increase the labor of the court and

deprive us of the aid of counsel in solving the legal problems involved. Most of the alleged errors are of no consequence and have not even been argued by the appellant. One or two seem to require some notice on our part. We find no error in the rejectment of the copy of the "Trade Journal" for the purpose of showing the market value of silk. No doubt such a journal may be admissible after proper proof of its reliability and use in the trade, but that is a preliminary question for the court to decide, and we cannot say on the evidence in this case that they were bound to admit it.

The letter of the appellant advising the plaintiff not to ship any more spun silk until further instructed was evidence of an anticipatory breach of the contract. If the plaintiff was to wait until they were further instructed there would be little prospect of their ever receiving the instructions, and that was undoubtedly what the parties meant. The objection of evidence as to what was said to Jacobson by Hinesberg as to the initials "W. R." and "R. B." was properly sustained. It was open, of course, to prove the trade significance of "W. R." and "R. B.," but this question evidently asked for something more, and seems meant to add an oral term to a written contract.

Let the judgment be affirmed, with costs.

*For affirmance*—SWAYZE, PARKER, MINTURN, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, VAN BUSKIRK, JJ.    10.

*For reversal*—THE CHANCELLOR, KALISCH, J.    2.